IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael L. Voyles and<br>Peggy Voyles,<br><br>    Plaintiffs,<br><br>vs.<br><br>Alvin S. Glenn Detention<br>Center, and Richland County,<br><br>    Defendants. | Civil Action No.: 8:08-3097-HMH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The plaintiffs filed this action in state court on August 8, 2008. (Dkt. # 1.) At that time the plaintiffs were represented by Amanda G. Steinmeyer with the Mike Kelly Law Firm. On September 10, 2008, the defendants timely filed a notice of removal transferring this case to federal court. In an order filed October 28, 2008, the court ordered that Steinmeyer was to remain as counsel for the plaintiff until relieved by the court. Dkt. # 10.)

On November 26, 2008, the defendants filed a motion for summary judgment. (Dkt. # 11.) On December 23, 2008, an order was issued giving the plaintiffs an additional 10 days to respond to the motion for summary judgment. (Dkt. # 12.) On January 15, 2009, the Clerk's office made an attempt to contact Steinmeyer, the attorney of record, and was told she no longer worked at the Mike Kelly Law Firm. (Dkt. # 14.)

The Clerk's Office contacted Steinmeyer. (Dkt. # 15.) She informed the Clerk's Office that she had left the plaintiff's file with the Kelly Firm and was not sure if the plaintiffs were still clients of the firm. (*Id.*) A message from attorney Mike Kelly indicated that the file had been picked up by the plaintiff Michael Voyles. (Dkt. # 16.) After a status conference was scheduled, a motion to withdraw as attorney was filed by Steinmeyer on February 12, 2009. (Doc. #22.) Both Steinmeyer and the plaintiffs represented that they

consented to the motion to relieve Steinmeyer as counsel. (Dkt. # 24.) Thereafter, on February 13, 2009, the court granted Steinmeyer's motion relieving her as counsel.

Since the plaintiffs were no longer represented by counsel, by order of this court filed February 23, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiffs were advised of the summary judgment procedure and the possible consequences if they failed to respond adequately to the defendants' motion for summary judgment. Despite this explanation, the plaintiffs have not responded to the motion.

As the plaintiffs are now proceeding *pro se*, the court filed a second order on April 2, 2009, giving the plaintiffs through April 27, 2009, to file their response to the motion for summary judgement. The plaintiffs were specifically advised that if they failed to respond, this action would be dismissed for failure to prosecute. The plaintiffs did not respond.

Based on the foregoing, it appears the plaintiffs no longer wish to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

April 30, 2009

Greenville, South Carolina